By the Court.
This aiso was a suit brought by the defendant in error to restrain the collection of an assessment made upon ]iis property for the improvement of North High street, Columbus, under the act of March 30, 1875. (See City of Columbus v. Sohl, ante p. 480.) The defendant in error purchased the property of one, Trip, who did not petition for the improvement, but is found to have participated in the election of the commissioners, and afterward united with a number of others in a remonstrance against the improvement made to the council on August 9, 1875. We perceive no essential difference between petitioning for the improvement and participating in the election of commisoners to carry the plan into execution. If commissioners had not been selected the scheme would have failed; so that those who participated in the election of commissioners promoted the improvement under the law as much as those who petitioned for it in the first instance.
. Nor do we see how the subsequent remonstrance of Trip against the improvement should relieve him from the liability incurred by participating in the election of commissioners. Upon their selection, as provided in the act, the supervision and construction of the improvement devolved upon the commissioners; and we fail to find in the statute any provision by which the city or its council could, after that, have arrested the doing of the work. The agency of the *485 city ended with authorizing the election of commissioners and the 'selection of officers for holding the election. Afterward it became the duty of its engineer to furnish proper grades and lines and of its mayor to issue bonds as the commissioners might require to meet the expense of the improvement. These duties were of a passive nature, and gave to the city.itself no more control over the prosecution'of the work than was possessed by any one of its citizens. So that the remonstrance of the defendant to the city council against the improvement, after the election of the commissioners, was of no more avail to him than if it had been made to some third person.
The case is distinguished from Hays v. Jones, 27 Ohio St. 218. There one of the land-owners who had petitioned for the improvement, with others, signed a remonstrance before the petition had been acted on by the commissioners of the county; and this the court held he could do; not that he could do so after the order for the improvement had been made.
As Slyh stands in the shoes of his grantor, Trip, the judgment as to him must be reversed and judgment rendered for the'defendants below.